UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 13-46380 |
| ) | Chapter 7 |
| PAUL D. KOHLENBRENER, ) | |
| ) | |
| ) | Hon. Carol A. Doyle |
| Debtor. ) | |
| ) | Hearing Date: June 21, 2017 |
| | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR**
**<u>PROFESSIONAL COMPENSATION</u>**

Name of Applicant:     GUS A. PALOIAN, Chapter 7 Trustee

Period for Which
Compensation is Sought:     February 5, 2015 through the close of the case

Amount of Fees Sought:     $9,522.50

Amount of Expense
Reimbursement Sought:     $     0.00

This is an:                          Interim Application  _____     Final Application:     X

This is the First and Final Fee Application in the case.

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:     May 16, 2017              By:     /s/ Gus A. Paloian
                                                    Applicant: GUS A. PALOIAN, Chapter 7 Trustee

38347560v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 13-46380 |
| ) | Chapter 7 |
| PAUL D. KOHLENBRENER, ) | |
| ) | Hon. Carol A. Doyle |
| Debtor. ) | |
| ) | Hearing Date: June 21, 2017 |
| ) | Hearing Time: 9:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $9,522.50 in final compensation (the "Fees") for services rendered in the above-captioned case from April 2, 2015, through the closing of the case (the "Application Period"). In support of this Application, the Trustee respectfully states as follows:

**I. JURISDICTION**

1. This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

## II. BACKGROUND

### A. Procedural Background

2. On December 2, 2013, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned Case.

3. On April 7, 2015, the case was converted to a case under chapter 7 of the Bankruptcy Code.

4. Thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

5. On May 13, 2015, the Trustee filed an Initial Report of Assets following the Debtor's May 8, 2015, Meeting of Creditors.

### B. Overview of Asset Recoveries for the Estate

#### Sale of Personal Property

6. The Trustee recovered funds from the liquidation of the Debtor's equity interest in certain property of the Estate, including a Mercedes GLK, bank accounts, money market accounts and partnership interests (the "Property"). As a result of the sale of the Property, the Trustee recovered gross proceeds of $35,450.03.

7. The Trustee also entered into a settlement with the Debtor's wife, in resolution of the Trustee's objection to certain exemptions listed on Debtor's Schedule C (the "Settlement"). As a result of the Settlement, the Trustee recovered gross proceeds of $90,000.00.

### C. Services Rendered by the Trustee to the Estate

8. During the Application Period, the Trustee performed 44.10 hours of actual and necessary services on behalf of the Estate, worth a total value of $13,060.00. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

9. The services included, but were not limited to, the following:

38347560v.1

    A.    Analyzing the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs; conducting a Section 341 examination of the Debtor; conducting an investigation of the Debtor's assets and financial affairs;

    B.    Coordinating the sale of the Debtor's interest in a Mercedes GLK and liquidating the Chase bank accounts, Schwab money market accounts and the Debtor's partnership interest in BBPK General Partnership;

    C.    Negotiating a settlement with Debtor's wife in connection with property claimed as exempt on Debtor's Schedule C, including: (1) a Prudential Annuity; and (2) Marsh & McLennan (BEP and SERP).

    D.    Reviewing schedules, bank ledgers and claims in preparation of final report;

    E.    Communicating with tax accountant with respect to determining the Estate's tax obligations, if any; and

    F.    Maintaining Estate's bank accounts and performing bank reconciliations.

### III.  RELIEF REQUESTED

10.    The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

### IV.  BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

11.    Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re

38347560v.1

Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

12. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

13. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

14. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
>   (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>   (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

15. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

16. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

17. This Application is the Trustee's first and final application for compensation in this Case.

18. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $9,522.50.

19. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

20. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 disbursed | = $1,250.00 |
| 10% of the next $40,000.00 disbursed | = $4,500.00 |
| 5% of the next $75,450.03 | = $3,772.50 |
| MAXIMUM COMPENSATION ALLOWABLE | = $9,522.50 |
| **COMPENSATION REQUESTED** | = **$9,522.50** |

38347560v.1

21. As of the date of the Application, the Trustee collected $125,450.03 for the benefit of the Estate and disbursed $5,161.49. There will not be a surplus of funds turned over to the Debtor in this case.

22. The Trustee requests allowance of final compensation in this case in the amount of $9,522.50. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

23. The Trustee will distribute the remaining estate funds as set forth in the Final Report.

## VI. **NO PRIOR REQUEST**

24. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtor's Estate, respectfully requests that the Court enter an Order:

    A. Allowing and awarding compensation to Trustee in the amount of $9,522.50 on a final basis;

    B. Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

    C. Granting such other and further relief as the Court deems just and proper.

Dated: May 16, 2017          Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, Illinois 60603-5577
    Telephone: (312) 460-5000
    gpaloian@seyfarth.com

38347560v.1

# EXHIBIT 1

**TRUSTEE**

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 04/20/15 | Review petition and schedules. | G. Paloian | 0.20 | 137.00 |
| 05/07/15 | Telephone conference with J. Cohen regarding request for continued meeting and undisclosed assets. | G. Paloian | 0.30 | 205.50 |
| 05/07/15 | Prepare materials for May 341 meetings (.50); continue Kohlenbrener and Smith 341 meetings (.10). | J. Ziegler | 0.60 | 60.00 |
| 05/13/15 | Import new case data into TES (.10); file asset report (.10). | J. Ziegler | 0.20 | 20.00 |
| 06/03/15 | Download amended schedules (.10); review schedules and amended schedules regarding assets to administer (.20); confer with G. Paloian regarding same (.10). | J. McManus | 0.40 | 120.00 |
| 06/05/15 | Review schedules regarding asset administration (.20); enter assets into TES (.20). | J. McManus | 0.40 | 120.00 |
| 06/11/15 | Prepare notice of continued meeting of creditors (.20); consult with J. McManus regarding same (.10); file same (.10). | J. Ziegler | 0.40 | 40.00 |
| 06/12/15 | Import scheduled claims into TES. | J. Ziegler | 0.10 | 10.00 |
| 07/15/15 | Revise assets in TES. | J. McManus | 0.30 | 90.00 |
| 07/20/15 | Prepare Annual Report. | J. McManus | 0.20 | 60.00 |
| 07/21/15 | Meeting with G. Paloian regarding case status. | J. McManus | 0.10 | 30.00 |
| 07/22/15 | Update assets ledger. | J. McManus | 0.20 | 60.00 |
| 07/27/15 | Prepare Annual Report. | J. McManus | 0.30 | 90.00 |
| 07/28/15 | Review Amended Schedules (.10); revise assets ledger in TES (.70); confer with G. Paloian regarding assets to administer (.10). | J. McManus | 0.90 | 270.00 |
| 07/29/15 | Revise Forms 1 & 2 for Annual Report. | J. McManus | 0.70 | 210.00 |
| 07/30/15 | Compile and file TIR with the Court. | J. McManus | 0.20 | 60.00 |
| 08/03/15 | Revise assets ledger in TES. | J. McManus | 0.20 | 60.00 |
| 08/04/15 | Review claims register (.10); confer with G. Paloian regarding same (.10). | J. McManus | 0.20 | 60.00 |
| 08/11/15 | Review claims. | J. McManus | 0.20 | 60.00 |
| 08/17/15 | Download new claims (.10); update claims analysis spreadsheet (.20). | J. Ziegler | 0.30 | 30.00 |
| 08/19/15 | Download claims into TES (.10); contact claimants to determine if spouse name is on account (.50). | J. Ziegler | 0.60 | 60.00 |
| 08/24/15 | Update assets ledger in TES. | J. McManus | 0.50 | 150.00 |
| 08/25/15 | Update TES assets. | J. McManus | 0.20 | 60.00 |
| 08/27/15 | Make follow-up calls to claimants who have not called back regarding sending copies of loan application. | J. Ziegler | 0.10 | 10.00 |

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 09/09/15 | Open new bank account (.10); deposit funds received from Lauren Kohlenbrener regarding liquidation of Mercedes CLK and cash accounts (.20). | J. McManus | 0.30 | 90.00 |
| 09/15/15 | Enter assets in to TES (.30); update claims ledger in TES (.20). | J. McManus | 0.50 | 150.00 |
| 10/01/15 | Communicate with claimant regarding claim. | J. Ziegler | 0.10 | 10.00 |
| 10/07/15 | Review amended schedules regarding open items to administer (.20); confer with G. Paloian regarding same (.10); update TES assets ledger (.20); update TES claims ledger (.20). | J. McManus | 0.70 | 210.00 |
| 10/08/15 | Revise Notice of Continued Meeting of Creditors (.10); prepare correspondence to J. Cohen regarding same and regarding open items/materials requested by Trustee (.50). | J. McManus | 0.60 | 180.00 |
| 10/08/15 | Download documents from PACER per G. Paloian's request. | J. Ziegler | 0.20 | 20.00 |
| 10/09/15 | Communicate with Debtor's counsel regarding continued meeting of creditors. | G. Paloian | 0.20 | 137.00 |
| 10/09/15 | File Notice of Continued Meeting of Creditors. | J. Ziegler | 0.20 | 20.00 |
| 10/19/15 | Prepare response to UST findings on TIR. | J. McManus | 0.30 | 90.00 |
| 10/30/15 | Communicate with J. Cohen regarding representative attendance at meeting of creditors. | G. Paloian | 0.20 | 137.00 |
| 11/03/15 | Attend to banking matters. | J. Ziegler | 0.30 | 30.00 |
| 12/07/15 | Reconcile bank accounts. | J. McManus | 0.20 | 60.00 |
| 12/10/15 | Update Forms 1 & 2 ledgers. | J. McManus | 0.20 | 60.00 |
| 12/15/15 | Update creditor address in TES and service list. | J. Ziegler | 0.20 | 20.00 |
| 03/21/16 | Revise TES claims ledger. | J. McManus | 0.20 | 63.00 |
| 03/25/16 | Attend to banking matters. | J. Ziegler | 0.10 | 10.50 |
| 04/04/16 | Confer with L. West regarding tax return preparation. | J. McManus | 0.20 | 63.00 |
| 04/05/16 | Revise 1st quarter case status report. | J. McManus | 0.20 | 63.00 |
| 04/08/16 | Revise 1st quarter case status report. | J. McManus | 0.20 | 63.00 |
| 05/10/16 | Update TES claims ledger. | J. McManus | 0.40 | 126.00 |
| 06/23/16 | Revise TES claims ledger coding for Annual Report. | J. McManus | 0.40 | 126.00 |
| 07/06/16 | Prepare 2nd quarter case status report. | J. McManus | 0.20 | 63.00 |
| 07/13/16 | Revise 2nd quarter status report. | J. McManus | 0.20 | 63.00 |
| 07/18/16 | Revise major activity notes. | J. McManus | 0.20 | 63.00 |
| 07/22/16 | Revise Annual Report. | J. McManus | 0.30 | 94.50 |
| 07/25/16 | Finalize Annual Report (.30); effect filing of Forms 1 & 2 with the Court (.20). | J. McManus | 0.50 | 157.50 |

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 07/26/16 | Revise report of sale. | J. McManus | 0.10 | 31.50 |
| 07/26/16 | Draft report of sale (.40); consult with G. Paloian and J. McManus regarding same (.10); file same (.20). | J. Ziegler | 0.70 | 73.50 |
| 08/01/16 | Review bank reconciliations. | J. McManus | 0.20 | 63.00 |
| 08/03/16 | Revise claims in TES. | J. McManus | 0.40 | 126.00 |
| 08/08/16 | Revise claims in TES regarding claims objection order allowance (.40); reconcile bank accounts (.20). | J. McManus | 0.60 | 189.00 |
| 09/07/16 | Prepare case status report. | J. McManus | 0.30 | 94.50 |
| 09/20/16 | Revise claims in TES to reflect objections granted by the Court (.40); prepare draft distribution report for C. Harney (.20). | J. McManus | 0.60 | 189.00 |
| 09/21/16 | Revise case status report regarding trustee audit. | J. McManus | 0.30 | 94.50 |
| 09/22/16 | Attend to estate banking matters. | G. Paloian | 0.20 | 139.00 |
| 09/22/16 | Run/review Forms 1 & 2 regarding trustee audit. | J. McManus | 0.30 | 94.50 |
| 09/23/16 | Update case status (.10); confer with L. West regarding tax returns (.10). | J. McManus | 0.20 | 63.00 |
| 09/26/16 | Review/update Forms 1 & 2. | J. McManus | 0.40 | 126.00 |
| 10/03/16 | Attend to banking matters. | J. Ziegler | 0.20 | 21.00 |
| 10/06/16 | Prepare 3rd quarter case status report. | J. McManus | 0.40 | 126.00 |
| 10/07/16 | Update banking files in preparation for U.S. Trustee audit. | J. McManus | 0.30 | 94.50 |
| 10/10/16 | Review additional assets to be abandoned (.10); revise Form 1 (.30). | J. McManus | 0.40 | 126.00 |
| 10/11/16 | Per auditor request, update banking files (.40); revise Forms 1 & 2 (.40). | J. McManus | 0.80 | 252.00 |
| 10/12/16 | Revise Forms 1 & 2. | J. McManus | 0.20 | 63.00 |
| 10/12/16 | Attend to banking matters. | J. Ziegler | 0.10 | 10.50 |
| 10/17/16 | Communicate with Lois West regarding status of tax filing. | G. Paloian | 0.20 | 139.00 |
| 10/17/16 | Run draft distribution report in preparation for case closing (.20); discuss with G. Paloian (.20); review assets ledger and Form 1 (.30); review claims ledger and Form 2 (.30); draft final report (.40). | J. McManus | 1.40 | 441.00 |
| 10/18/16 | Communications with J. McManus regarding status of estate tax returns. | G. Paloian | 0.20 | 139.00 |
| 10/20/16 | Revise TES claims ledger. | J. McManus | 0.50 | 157.50 |
| 10/25/16 | Review/edit Forms 1 & 2 in preparation for case closing. | J. McManus | 0.60 | 189.00 |

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 10/26/16 | Review/update Forms 1 & 2 in preparation for case closing (.80); prepare/review draft TFR (.60). | J. McManus | 1.40 | 441.00 |
| 11/03/16 | Update Forms 1 & 2, assets ledger and claims ledger (.70); prepare distribution report (.40). | J. McManus | 1.10 | 346.50 |
| 11/03/16 | Revise Form 1. | J. McManus | 0.20 | 63.00 |
| 11/04/16 | Attend to tax preparation matters with accountant (.20); prepare draft final report for G. Paloian (.90). | J. McManus | 1.10 | 346.50 |
| 11/07/16 | Confer with L. West regarding retention for tax preparation. | J. McManus | 0.20 | 63.00 |
| 11/08/16 | Email communications with L. West regarding tax returns (.20); update Forms 1 & 2 and submit to L. West (.20). | J. McManus | 0.40 | 126.00 |
| 11/29/16 | Reconcile Forms 1 & 2. | J. McManus | 0.20 | 63.00 |
| 11/30/16 | Prepare 4th quarter case status report. | J. McManus | 0.20 | 63.00 |
| 12/05/16 | Draft response to SeberTans Trustee audit report. | J. McManus | 0.30 | 94.50 |
| 12/06/16 | Conduct google search for new address for returned notices of intent to abandon (.30); update service list with same (.20); mail same to new address (.20). | J. Ziegler | 0.70 | 73.50 |
| 12/09/16 | Reconcile claims in TES. | J. McManus | 0.30 | 94.50 |
| 12/19/16 | Prepare response to audit report for submission to UST. | J. McManus | 0.60 | 189.00 |
| 12/20/16 | Continue preparing response to audit report (.40); revise Forms 1 & 2 (.40). | J. McManus | 0.80 | 252.00 |
| 12/21/16 | Finalize response to UST regarding trustee audit report (.40); assemble supporting documents (.10). | J. McManus | 0.50 | 157.50 |
| 12/22/16 | Update service list and label list with new address for Capital One Bank. | J. Ziegler | 0.20 | 21.00 |
| 12/29/16 | Attend to banking matters. | J. Ziegler | 0.10 | 10.50 |
| 01/04/17 | Revise 4th quarter status report. | J. McManus | 0.30 | 94.50 |
| 01/04/17 | Attend to banking matters. | J. Ziegler | 0.10 | 10.50 |
| 01/12/17 | Revise 4th quarter status report. | J. McManus | 0.20 | 63.00 |
| 01/13/17 | Prepare draft distribution. | J. McManus | 0.40 | 126.00 |
| 01/25/17 | Revise Final Report. | J. McManus | 1.10 | 346.50 |
| 02/08/17 | Telephone conference with L. West regarding tax returns (.10); edit TES assets ledger (.10). | J. McManus | 0.20 | 63.00 |
| 02/13/17 | Telephone conference with L. West regarding final returns and assemble documents regarding same (.10); prepare distribution report (.40). | J. McManus | 0.50 | 157.50 |
| 02/21/17 | Prepare final report. | J. McManus | 1.00 | 315.00 |
| 02/22/17 | Attend to estate income tax returns for 2016. | G. Paloian | 0.30 | 208.50 |
| 02/23/17 | Attend to estate income tax returns for 2016. | G. Paloian | 0.20 | 139.00 |

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 02/23/17 | Process checks to IDOR and IRS for payment of Estate income taxes (.30); prepare prompt determination letters to IDOR and IRS (.30); file tax returns (.10). | J. McManus | 0.70 | 220.50 |
| 03/01/17 | Revise final report. | J. McManus | 0.80 | 252.00 |
| 03/03/17 | Check claims in TES with claims register to ensure all are included and accurate. | J. Ziegler | 0.50 | 52.50 |
| 03/07/17 | Attend to banking matters. | J. Ziegler | 0.20 | 21.00 |
| 03/14/17 | Prepare final report. | J. McManus | 1.00 | 315.00 |
| 03/23/17 | Revise Final Report. | J. McManus | 1.20 | 378.00 |
| 03/24/17 | Assist J. McManus with preparation of final report. | J. Ziegler | 0.60 | 63.00 |
| 03/27/17 | Revise final report. | J. McManus | 1.70 | 535.50 |
| 04/04/17 | Attend to banking matters. | J. Ziegler | 0.10 | 10.50 |
| | **TOTAL** | | **44.10** | **$13,060.00** |